Robert G. RENAUDIN,
Plaintiff-Appellant,

v.

GULF OIL CORPORATION,
Defendant-Appellee.

No. 78–1466.

United States Court of Appeals,
Fifth Circuit.

Aug. 8, 1980.

---

Alma L. Chasez, Metairie, La., for plaintiff-appellant.

David R. Stevenson, Jerry C. Bonhagen, New Orleans, La., for defendant-appellee.

Before VANCE, POLITZ and RANDALL, Circuit Judges.

PER CURIAM:

This case presents, under slightly different facts, the same legal issues discussed and decided in this court's opinion in *Jensen v. Gulf Oil Refining and Marketing Co.,* 623 F.2d 406 (5th Cir. 1980). Plaintiff-Appellant Robert G. Renaudin appeals from a summary judgment entered in favor of Defendant-Appellee Gulf Oil Corporation (Gulf), in his suit under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–34 (1976), alleging that he was unlawfully retired at the age of sixty-two.

The facts, as stated by the district court, are as follows:

[P]laintiff commenced working for defendant on September 3, 1934 and was terminated, about 40 years, hence, on December 31, 1974 on application of the company for early retirement and is now drawing substantial benefits under the program of $2,054.16 per month. [On May 14, 1975 plaintiff opted to reduce his monthly annuity from $2134.73 to $2054.16 per month so that a lump sum death benefit of $21,900 could be paid to his designated beneficiary.]

Plaintiff was a member of defendant's retirement and pension plans at their inception on January 1, 1944. Subsequently, on January 1, 1950, he chose to participate in a program supplementing his company-paid pension with his own contribution. Over the years, the various benefits programs were merged into new ones with apparently no substantive changes in the benefits.[1] Mr. Lintner [administrator of the Gulf pension plan] attested: ". . . the Gulf retirement program has provided since its inception for early retirement at the option of the member or company."

*Renaudin v. Gulf Oil Corp.,* No. 76–2079 at 1–2 (E.D. La., filed Dec. 19, 1977).

Renaudin claims that summary judgment was improper because of the existence of only the following disputed facts:

1. Gulf Oil Corporation's retirement plan does not treat all employees equally.[2]

2. There must be some reason other than age for a plan which discriminates between employees of different ages.

3. Gulf Oil Corporation had no cause other than age for retirement of Mr. Renaudin.

The disputed "facts" asserted are not only unsupported by affidavit, but, under our

---

1. Renaudin argues that this case is distinguishable from *Brennan v. Taft Broadcasting Co.,* 500 F.2d 212 (5th Cir. 1974) in that Gulf's plan has been altered since the passage of the ADEA. Brief of Appellants at 8. Renaudin does not state, nor does it appear, that any changes in the plan are material to this action.

We also find no merit in Renaudin's argument that *Brennan* should be distinguished because in that case no additional credit was given the employee for years worked beyond the normal retirement age of sixty.

2. Under the first disputed fact alleged, Renaudin cites the following language from a regulation captioned "Bona fide seniority systems":

Unless the essential terms and conditions of an alleged seniority system have been communicated to the affected employees and can be shown to be applied uniformly to all of those affected, regardless of age, it will also be regarded as lacking the necessary bona fides to qualify for the exception.

29 CFR § 860.105(c) (1979). Appellant's reliance on this regulation is misplaced since, by its terms, it applies to seniority systems and not retirement plans.

holding in *Jensen* and the cases cited therein, are also not material to this case.

Based on the pleadings, affidavits and exhibits, the district court correctly concluded that Gulf had shown Renaudin's involuntary retirement to be within the exemption contained in 29 U.S.C. § 623(f)(2) (1976) and that summary judgment for Gulf was appropriate. Fed.R.Civ.P. 56(c). For the reasons set out in *Jensen*, we affirm.

AFFIRMED.